Walter Eugene SPURRIER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 24510.

United States Court of Appeals
Fifth Circuit.

Oct. 12, 1967.

---

Richard L. Brown, Jacksonville, Fla., for appellant.

Bernard Nachman, Asst. U. S. Atty., Jacksonville, Fla., Joseph W. Hatchett, Asst. U. S. Atty., Daytona Beach, Fla., Edward F. Boardman, U. S. Atty., M. D. Florida, for appellee.

Before TUTTLE and WISDOM, Circuit Judges, and HEEBE, District Judge.

PER CURIAM:

This is an appeal from a judgment of conviction on two counts of breaking into a building with intent to commit larceny from that part being used as a Post Office, and for stealing money and items of value therefrom in excess of $100 value.

■■ We conclude that the evidence given by Hall as to the audit of the branch post office account was admissible to prove the amount of inventory that was *supposed* to be kept in the safe; it was not sufficient to prove the amount actually taken. However the testimony of Holmes, the storekeeper, that "the funds of the store as well as the funds pertaining to the post office were placed in the safe and the safe was locked * * *" is sufficient to warrant submission to the jury the question whether the funds that were *supposed* to be in the safe were actually there.

As to the Jencks law complaint made here, we conclude that the excised part of the witnesses prior written statements did not "relate to the subject matter to which the witness has testified", because this witness did not testify anything as to the amount reported to have been stolen.

■ We conclude that the trial court did not err in not requiring witness Hall to produce memoranda made by him to refresh his recollection if they were not in fact so used by him. See Goldman v. United States, 316 U.S. 129, 62 S.Ct. 993, 86 L.Ed. 1322 (1942) and Needelman v. United States, 5 Cir., 261 F.2d 802.

The judgment is affirmed.